## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA NORRIS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-15-1191-SM |
| ) | |
| CAROLYN W. COLVIN, acting ) | |
| Commissioner Social Security ) | |
| Administration, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Brenda Norris (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision she was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A).  United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b).  Doc. 3.  The parties then consented to have the undersigned conduct all further proceedings, including the entry of a final judgment.  Doc. 17. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the undersigned reverses and remands the Commissioner's decision.

## I.    Administrative proceedings.

Plaintiff applied for disability benefits, alleging her impairments became disabling in August 2012.  AR 9, 28, 140-62. The Social Security Administration (SSA) initially and on reconsideration denied Plaintiff's claim.  *Id.* at 61-63, 72-75.  At Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing.  *Id.* at 21-59, 79-80.  The ALJ denied Plaintiff benefits and the SSA Appeals Council declined Plaintiff's request for review; Plaintiff now seeks review of the Commissioner's final decision.  *Id.* at 9-19; 1-4; Doc. 1.

## II.    Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520; *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps).  Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments.  *See* 20 C.F.R. § 404.1520; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If

she succeeds, the ALJ conducts a residual functional capacity (RFC)[1]

assessment at step four to determine what Plaintiff can still do despite her

impairments. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *Andrade v. Sec'y of Health &*

*Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows

she can no longer engage in prior work activity, the burden of proof shifts to

the Commissioner to show Plaintiff retains the capacity to perform a different

type of work and that such a job exists in the national economy. *See Turner*,

754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III.    The ALJ's findings.

Following the familiar five-step inquiry, the ALJ found:  Plaintiff had

not engaged in substantial gainful activity since August 21, 2012, the

amended alleged onset date, and has the severe impairments of coronary

artery disease, hypertension, Type II diabetes mellitus, peripheral

neuropathy, obstructive sleep apnea, obesity, and post-traumatic stress

disorder. AR 11, 28. The ALJ concluded Plaintiff has the RFC to perform

> the full range of light work as defined in 20 CFR 404.1567(b) in
> that she can [] frequently lift and/or carry 20 pounds; occasionally
> lift and/or carry 10 pounds; stand 6 hours in an 8-hour workday
> with normal breaks; and sit 6 hours in an 8-hour workday with
> normal breaks.  She has no postural, visual, or environmental
> limitations.  She is able to use her hands for hand controls and
> feet for foot controls.  She is afflicted with symptomatology from a
> variety of sources, including medication use, which would be of

---

[1]    Residual functional capacity "is the most [a claimant] can still do
despite [a claimant's] limitations."  20 C.F.R. § 404.1545(a).

sufficient severity as to be noticeable to her at all times; but nonetheless, he/she would be able to remain attentive and responsive in a work setting, and could carry out normal work assignments satisfactor[ily].

*Id.* at 12.

The ALJ found Plaintiff could perform her past relevant work as a customer service representative. *Id.* at 18. The ALJ also made alternate step-five findings and determined Plaintiff could perform four other jobs: receptionist, telemarketer, administrative clerk, and office clerk. *Id.* The ALJ then determined Plaintiff is not disabled. *Id.* at 19.

## IV.    Analysis.

Plaintiff challenges the ALJ's evaluation of her mental impairments and her credibility. Regarding her mental impairments, she maintains that the ALJ failed to (1) include her anxiety and depression as severe mental impairments, (2) perform a psychiatric review technique (PRT), and (3) include any work-related restrictions in the RFC assessment related to her mental impairments. Doc. 19, at 3-11. She also argues such errors are not harmless. *Id.* at 11-12. The Court finds Plaintiff's second and third claims are dispositive, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

To start, when there is evidence a mental impairment allegedly prevents a claimant from working, the ALJ "must follow the procedure for

4

evaluating mental impairments set forth" in the regulations and is required to document a PRT application. *Cruse v. United States Dep't of Health & Human Servs.,* 49 F.3d 614, 617 (10th Cir. 1995); *Carpenter v. Astrue,* 537 F.3d 1264, 1268 (10th Cir. 2008) (applying *Cruse*); *see* 20 C.F.R. § 404.1520a. The ALJ did not do so in Plaintiff's case. The Commissioner acknowledges the omission, but argues "[w]hile the ALJ did not state the limitations he found," he adopted Dr. Tom Shadid's opinion that Plaintiff had no functional mental limitations in the areas a PRT considers. Doc. 25, at 11; *see* AR 310-11. Arguing the ALJ's PRT omission was "merely technical," because the court 'can follow the [ALJ's] reasoning," she maintains any error was harmless. Doc. 25, at 11 (quoting *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166 (10th Cir. 2012)).

The undersigned disagrees. The record contains diagnoses of and treatment for anxiety and depression. AR 332, 337, 306. The ALJ mentioned the treatment, but failed to perform the PRT evaluation. *Id.* at 11, 15, 16. The ALJ apparently discounted Plaintiff's anxiety, noting she was not seeing a mental-health professional for treatment, took medication "on an as needed basis," and did not take regular medications. *Id.* at 11. However, there is "no case authority requiring [a claimant] to obtain medical treatment from [a specialist in the mental health profession] before an ALJ can find that she

has a severe mental impairment." *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007).

The undersigned also cannot follow the ALJ's reasoning because he did not explain his inconsistent application of Dr. Shadid's opinion. That is, Dr. Shadid opined Plaintiff had *no* severe mental impairments, AR 310-22, yet the ALJ found Plaintiff has the severe impairment of post-traumatic stress disorder. *Id.* at 11. Finally, as Plaintiff alleges in her third argument, the ALJ did not include or discuss any limitations in Plaintiff's RFC relating to her severe post-traumatic stress disorder. For these reasons, the undersigned finds the ALJ committed reversible error. *See, e.g.,* SSR 96-8p, 1996 WL 374184, \*5-6 (July 2, 1996) (stating the ALJ must conduct his RFC assessment on a function-by-function basis and include both exertional and nonexertional limitations for both severe and nonsevere impairments); *Wright v. Colvin*, No. CIV-14-1046-W, 2015 WL 6554349, at \*4 (W.D. Okla. Oct. 7, 2015) (unpublished magistrate judge recommendation) (finding the ALJ's failure to employ the PRT was not "harmless error" where the ALJ otherwise failed to sufficiently explain the effects of the mental impairments in the RFC), *adopted*, 2015 WL 6755322 (W.D. Okla. Oct. 29, 2015) (unpublished district court order).

On remand the ALJ is required to perform the PRT evaluation, and should also reconsider Plaintiff's depression, anxiety, and post-traumatic

stress disorder in accordance with the appropriate standards and determine what impact, if any, such reconsideration has on her ability to work.

## V.    Conclusion.

The Court finds the ALJ did not apply the correct legal standards, and substantial evidence therefore does not support the Commissioner's decision. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings.

ENTERED this 9th day August, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE